UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ELLIS WALKER                 **Plaintiff(s)**<br><br>vs.<br><br>DEBORAH G. SCHULT, et. al.<br><br>                               **Defendant(s)** | INMATE<br>CIVIL RIGHTS<br>COMPLAINT PURSUANT<br>PURSUANT TO<br>42 U.S.C. § 1983<br><br>Case No. 9:11_cv 287 |

Plaintiff(s) demand(s) a trial by:  _X_ JURY   ____ COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

### JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

### PARTIES

2. Plaintiff: _____ELLIS WALKER # 05776-028_____

   Address: _____FCI Ray Brook_____

   _____PO Box 9002_____

   _____Ray Brook, NY  12977_____

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: _____DEBORAH G. SCHULT_____

   Official Position: _____Warden_____

   Address: _____FCI Ray Brook_____

   _____PO Box 300_____

   _____Ray Brook, NY  12977_____

b. Defendant: RUSSELL PERDUE

Official Position: Warden

Address: FCI Ray Brook

PO Box 300

Ray Brook, NY 12977

c. Defendant: DAVID SALAMY

Official Position: Unit Manager

Address: FCI Ray Brook

PO Box 300

Ray Brook, NY 12977

Additional Defendants may be added on a separate sheet of paper.

4. PLACE OF PRESENT CONFINEMENT

   a. Is there a prisoner grievance procedure at this facility?

      _X_ Yes        ___ No

   b. If your answer ro 4a is YES, did you present the facts relating to your complaint in this grievance program?

      _X_ Yes        ___ No

If your answer to 4b is YES,

    (i) What steps did you take? Followed the procedures and was lied to and spun in circles and subsequently denied relief.

    (ii) What was the final result of your grievance? Denied and exceeds the time limits by months to provide a response.

DEFENDANTS CONTINUED

(First Name Unknown) Sepanek
Counselor
FCI Ray Brook
PO Box 300
Ray Brook, NY  12977

DAVID PORTER
Associate Warden
FCI Ray Brook
PO Box 300
Ray Brook, NY  12977

ANNE MARY CARTER
Associate Warden
FCI Ray Brook
PO Box 300
Ray Brook, NY  12977

STEVEN WAGNER
Associate Warden
FCI Ray Brook
PO Box 300
Ray Brook, NY  12977

J.L. NORWOOD
Regional Director
2nd & Chestnut Street
U.S. Customs House, 7th Floor
Philadelphia, PA  19106

HARLEY LAPPIN
Director
Bureau of Prisons
320 First Street, NW
Washington, DC  20534

If your answer to 4b is NO - why did you choose to not present the facts relating to your complaint in the prison's grievance program? _____

_____N/A_____

c. If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

_____ Yes          _____ No     N/A

If your answer to 4c is YES,

(i) What steps did you take? _____N/A_____

(ii) What was the final result regarding your complaint? _____

_____N/A_____

If your answer to 4c is NO - why did you choose to not complain about the facts relating to your complaint in such prison? _____

_____N/A_____

5. PREVIOUS LAWSUITS

a. Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?

_____ Yes          __X__ No

b. If your answer to 5a is YES you must describe any and all lawsuits, currently pending or closed, in the space provided below.

For EACH lawsuit, provide the following information:

i. Parties to previous lawsuit:

Plaintiff(s):_____N/A_____

Defendant(s):_____N/A_____

4

  ii.  Court (if federal court, name District; if state court, name County):

               N/A

  iii.  Docket number:    N/A

  iv.  Name of Judge to whom case was assigned:   N/A

  v.  Disposition (dismissed? on appeal? currently pending?):  N/A

  vi.  Approximate date of filing prior lawsuit:   N/A

  vii.  Approximate date of disposition:   N/A

6.             **FACTS**

  Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

  PLEASE SEE CONTINUATION PAGES

COMPLAINT

THE DEFENDANTS WILLFULLY, KNOWINGLY, INTENTIONALLY, AND
WITH MALICE VIOLATED THE CONSTITUTION

1.  On November 18, 2008, Plaintiff was placed in a 6-man cell of about 170 to 174 square feet by Defendants Sepanek and Salamy, which amounts to about 28 to 29 square feet each.

2.  Plaintiff has spoken with Defendant Schult four times about the unconstitutional 6-man cells, and she told Plaintiff that OSHA[1] gave her the approval to continue using the unconstitutional 6-man cells as is.

3.  When Plaintiff asked Defendant Schult about putting gang members and non-gang members in the same cell, her first response was that OSHA[2] approved the 6-man cell, and as to the gang problems there was nothing she could do.

4.  The 6-man cell of about 170 to 174 square feet, Plaintiff has at best 29 square feet total space, and less than 6-square feet moving space with six prisoners in the cell.[3]

5.  By the Defendants willful mixing of gang members in the unconstitutional 6-man cells, it causes insurmountable problems everytime a bus comes with new inmates.

6.  The Defendants are purposely mixing different races and gang members in the 6-man unconstitutional cell to create probelms.

---

[1, 2] OSHA, Occupational Safety Hazard Association, to the best of Plaintiff's knowledge has nothing to do with cell issues.  Plaintiff questioned Defendant Schult if she was certain that its OSHA, and Defendant Schult assured Plaintiff that she is Warden and should know, which Plaintiff begs to differ.  There is nothing in the prisoners' law library relating to OSHA, nor the American Correctional Association.  Everything Plaintiff does has become a guessing process as there is nothing in the law library, nothing is posted, and the law clerks are clueless and actually working for the administration, not the prisoners.

[3]  Plaintiff is 6'4" and weighs 255 pounds, was placed on a top bunk for about four months, and there is no space to even turn or move in the 6-man cell.

7.  The bed is 28 inches wide[4] and Plaintiff is required to sleep on his side; rotating back and forth, and when he brought this to the attention of Defendant Sepanek, Schult, Salamy, Porter, Carter, and other staff members. Plaintiff also submitted Inmate Requests to Staff Member ("copouts") and has received no response, which is a prominent behavior with Ray Brook's staff. Additionally, Plaintiff brought this matter to other Defendants' attention through the administrative remedy. (See, ¶ 4 and fn. 3 at p. 6).

8.  There is no ladders to climb on the bunk and it requires to climb on a chair, then on another inmate's locker and if knocked someone's property off the locker would lead to arguments and possibly fights.

9.  Climbing on the chair, then onto someone's locker, Plaintiff fell on the chair which broke the fall to the floor. He reported this to the unit guard which was like water on a duck's back.

10. There is no privacy in the cell at any time even when using the toilet and one of the cellmates sitting about four feet away.

11. Defendants Schult, Salamy, Sepanek, Porter, Carter, Wagner, and now Perdue, supported by Defendants Norwood and Lappin, placement and mixing of Mexican, white, and black gang members, as well as different gang members of the same race. This causes many violent outbursts, ie, fights, frictions, stabbings, racial probelms, etc, throughout the prison.

12. Defendants Schult, Perdue, Salamy, Sepanek, Porter, Carter, Wagner, Norwood, Lappin -- all knew of the overcrowding, gang activities, violence in the cells, fights, placed in a situation to kill or be killed since the gang activities is so bad -- all through the administrative remedy and the various lockdowns.

---

[4] It was told to Plaintiff by guards that the bed was supposed to be 32 inches, instead of the current 28 inches.

7

13. All of the Defendants are fully aware that the noise in the unit is so loud and constant because of the overcrowding that whenever a fight is occurring in the unit, the guard never is aware of this until the guard is told by one of the inmate snitches.

14. The noise inside the cell is constant and loud, as there is no specific time for anyone to go to bed, and Plaintiff would get almost no sleep and is tired most of the time.

15. The other five cellmates would stay up all night watching TVs through the cell door windows. The Defendants would leave the TVs on after lockdown; playing Monolopy, dominoes, spades, poker, and so forth -- all games are loud, hollering, screaming and sometimes fights.

16. Because of the lack of sleep there is no way Plaintiff could work on a job 8 hours/day without hurting himself or someone else; and because of the overcrowding one of the guards (Roberts) from the Recreation Department told Plaintiff that he could not be paid despite being on the job for 20 months.

17. Inmates haven't been assigned to jobs for almost a year and creating gang problems with all of the time on their hands.

18. In terms of sanitation there is never sufficient cleaning supplies, such as cleaning solution (chemicals), no rags, no Comet to clean the toilet, no mop heads, no brooms, etc.[5]

19. At least 15-20 times per day the toilet has to be clean. Although there is two toilets, one sink is used primarily to wash dishes and the toilet extends approximately 4" beyond the open cell door and plaintiff was advised by his other five cellmates that urinating or defecating would splatter to the floor. Plaintiff

---

[5] The Comet for cleaning showers/toilets are sold to Plaintiff and other prisoners by the unit orderlies. All unit supplies (cleaning/hygiene) are sold in the unit, when these supplies are supposed to be issued by the unit team guards and more specifically Defendant Sapanek, but instead she is too lazy and her inmate orderlies are issuing the supplies.

has to use his own personal soap powder and dishwashing liquid purchased in the commissary at extremely steep prices to clean the toilet and cell because of overcrowding -- and cleaning supplies is practically non-available.[6]

20. Throughout the day urine would be on the floor and sometimes would be on the toilet and there is no cleaning supplies because of overcrowding and the orderlies selling the supplies.[7]

21. The Defendants are aware of the inadequate ventilation, as during the winter the cell is cold and summer months extremely hot and quite difficult to breathe.

22. The other five cellmates are gang mamebers and they constantly have other prisoners keep running into the cell using the toilet/sink and making noise.

23. The duration inside the cell is from 9:15 p.m. to 6:00 a.m. (or later) weekdays and 3:45 p.m. to 4:30 p.m. (or later); and weekends/holidays from 9:15 p.m. to 7:00 a.m. (or later), 9:45 a.m. to 10:20 a.m. (or later), and 3:45 p.m. to 4:30 p.m. (or later). So as it stands, its a horrifying experience being in this 6-man unconstitutional cell.[8]

PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDY

24. On October 12, 2009, Plaintiff filed an Informal Resolution and a response by Defendants Sepanek and Salamy stated, "Unable to resolve." (Exhibit 1).

25. On October 30, 2009, Plaintiff filed his Administrative Remedy and stated the overcrowded problems, gang activities, fights, no space in the 6-man cell to

---

[6,7] See fn. 5 at p. 8

[8] The ACA who has specific standards and accredited FCI Ray Brook have waived all of its standards, whereby the ACA conspired with the federal Defendants to violate the Eighth Amendment; and the Defendants have violated their own standards as in P.S. 1060.11, Rated Capacity. Anderson v. Smith, 697 F.2d 239 (8th Cir. 1983), "Inmate is entitled to expect Bureau of Prisons to follow its own policies."

move around or to do any writing, etc (Exhibit 2). A response dated December 9, 2009, by Defendant Schult denied relief (Exhibit 3).

26. On December 22, 2009, Plaintiff filed his Regional Appeal and restated the issues (Exhibit 4); and a response dated January 28, 2010, denied relief (Exhibit 5).

27. On February 16, 2010, Plaintiff filed his Central Appeal and restated his issues (Exhibit 6), and although the appeal was filed February 16, 2010, a resply wasn't signed until September 8, 2010, or until 6-months later and wasn't received by Plaintiff until late-December, 2010. The response denied relief (Exhibit 7). Although Plaintiff made follow up to the legal department, Robin VanWeelden of August 12, 2010, a response by Defendant Schult's secretary, a Ms. Dupree undated response, "Please be advised, your BP-11 is still being processed" (Exhibit 8). defendants have been interfering and obstructing the administrative remedy process.

## CONCLUSION

28. Defendants Schult, Perdue, Salamy, Porter, Carter, Wagner, Sepanek, Norwood and Lappin, have all violated the Constitution, promoted racial segregation and gang activities through the unconstitutional living conditions, as well as poor sanitation.

## PLAINTIFF'S RELIEF SOUGHT

1. For Defendants to provide proper cleaning equipment and supplies to maintain sanitation.

2. For Defendants to install a partition or curtain for usage of toilet so that some form of privacy exist.

3. For Defendants to remove one of the bunk beds in the 6-man cell, and follow its own P.S. 1060.11, Rated Capacity.

4. For Defendants to install ladders to the bunk beds.

5. Defendants Schult, Perdue, Salamy, Porter, Carter, Wagner, and Sepanek are sued in their individual and official capacities for punitive damages in the amount of $50,000 each, and compensatory damages of $10,000 each.

6. Defendants Norwood and Lappin are sued in their individual and official capacities for punitive damages in the amount of $75,000 each, and compensatory damages of $15,00 each.

7. For Defendants cease having their inmate orderlies handing out supplies and for the Defendants to do so themselves.

8. For the Court to award further relief proper and, if necessary, issue an injunction against the unconstitutional living conditions.

9. For Defendants to award plaintiff **five days off his sentence for each day he was forced to live in the unconstitutional cell.**

I declare under penalty of perjury that the foregoing is true and correct.

7. CAUSES OF ACTION

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

Defendants have violated the Constitution of the United States through the promotion of unconstitutional living conditions, whereby created open gang activities, violence, poor sanitation.

### SECOND CAUSE OF ACTION

Defendants have conspired with each other to allow unconstitutional living conditions, which created unsanitary conditions.

### THIRD CAUSE OF ACTION

Defendants have conspired with each other to cover up the unconstitutional living conditions, hiding this from the public, courts and congress, and by doing so generated additional monies for the institution.

8.  **PRAYER FOR RELIEF**

    **WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

    PLEASE SEE PP. 10-11 UNDER "PLAINTIFF'S RELIEF SOUGHT"

    _____

    _____

    _____

    I declare under penalty of perjury that the foregoing is true and correct.

    DATED: __3-11-11__

                                                    _____
                                                    Signature of Plaintiff(s)
                                                    (all Plaintiffs must sign)

02/2010