UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ELLIS WALKER,

Plaintiff,

Civil Action No. 9:11-CV-0287
v.                                                              (LEK/RFT)

DEBORAH G. SCHULT, et al.,

Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS'MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.    Introduction

Plaintiff Ellis Walker is a federal inmate who has filed a *Bivens* complaint objecting to living

conditions in his cell.  He alleges that he exhausted his administrative grievances—but the

undisputed record of his grievances, attached to his Complaint, shows that he failed to raise nine

of the twelve issues contained in his Complaint at the administrative level.  Following discovery

on the limited issue of exhaustion (and plaintiff's repeated admissions at his deposition that he

failed to raise these issues in his grievances), Magistrate Judge Treece authorized the defendants

to make this motion.[1]

The defendants therefore now move for summary judgment dismissing the Complaint in part,

regarding nine of twelve issues, pursuant to Fed. R. Civ. P. 56 on the ground that plaintiff has

failed to exhaust his administrative remedies.

---

[1] *See* Dkt. No. 65, Text Only Order 5/16/14, "...Defendants are to file their motion to dismiss
based upon failure to exhaust on or before June 11, 2014.  A response to the motion shall be due
on or before June 25, 2014.  And a reply is due on or before July 2, 2014.  Defendants shall
reference this Text Order in their notice of motion and shall list the dates provided herein."

## II.    Complaint

Plaintiff filed a Complaint pursuant to 42 U.S.C. §1983 which objected to living

conditions in his six-man cell at FCI Ray Brook.  Dkt. No. 1, *Ellis Walker v. Deborah G. Schult,*

*et. al.*, 9:11-CV-287.  The Complaint names several prison officials as defendants, namely

"Deborah G. Schult, Warden," "Russell Perdue, Warden," "David Salamy, Unit Manager,"

"(First Name Unknown ) Sepanek, Counselor" "David Porter, Associate Warden," "Anne Mary

Carter, Associate Warden," "Steven Wagner, Associate Warden," "J.L. Norwood, Regional

Director," and "Harley Lappin, Director, Bureau of Prisons."  *Id.*, pp. 1-3.[2]

Read liberally, the Complaint alleges at least one dozen objections to the conditions in

plaintiff's cell: 1) there is not enough space, 2) defendants have mixed gang members with non-

gang members in the cell, 3) defendants have mixed different races in the cell, 4) his bed is not

wide enough, 5) there are no ladders, only chairs for reaching the upper bunks, 6) there is no

privacy, in particular when using the toilet, 7) there is too much noise, 8) there are not enough

cleaning supplies, 9) urine and feces can splatter out of the toilet onto the floor, 10) the cell has

bad ventilation and it is too cold in the winter and too hot in the summer, 11) the prison is

overcrowded, and 12) other inmates use the cell toilet and sink and make noise.

The Complaint alleges that plaintiff has exhausted his administrative remedies, and

plaintiff attached an administrative record of his grievances and appeals in this matter.  Dkt. No.

1-1.  Those documents are true and accurate.  Plaintiff began the grievance process by filing an

Informal Resolution Form (Dkt. No. 1-1, p. 1 of 9), which objects to three of the twelve issues

raised in the Complaint, namely overcrowding, no ladders, and not enough space.  This

---

[2] This motion is made by defendants Schult, Perdue, Sepanek, Salamy, Porter, Carter and
Wagner.  Defendants Norwood and Lappin were previously dismissed by the U.S. Court of
Appeals for the Second Circuit.  Dkt. No. 37-1, p. 28 n.10, and p. 35.

2

grievance form also objects to "no duress buttons" (an issue not raised in the Complaint), and the presence of gangs-- and none of the other nine issues raised in the Complaint.

As will be discussed, the crux of plaintiff's problem is that he failed to properly raise nine of the twelve issues in his Complaint during the administrative process.

### III.   Legal Argument

#### Legal Standard for Summary Judgment

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A moving party is entitled to summary judgment when the papers show that there is no genuine issue of material fact. *See Anderson*, 477 U.S. at 247-48. There is no genuine issue for trial when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To defeat a summary judgment motion, the nonmovant must offer specific facts that show that there is a genuine issue of material fact to be tried. *See* Fed. R. Civ. P. 56(c). The nonmoving party may not simply rest on the pleadings, but must go beyond the pleadings in presenting evidence of a dispute of fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Matsushita Elec. Indus. Co.,* 475 U.S. at 586 (1986).

When a court "must look at materials beyond the face of the Complaint to assess whether Plaintiff properly exhausted his administrative remedies, a FRCP 56 analysis is necessary." *Gay v. Terrell*, 2013 WL 5437045, at *10 (E.D.N.Y. Sept. 27, 2013).

3

## IV.   Procedural background

The defendants previously moved to dismiss the Complaint for failure to exhaust administrative remedies and other defects, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 25.  Magistrate Judge Treece recommended that this motion be granted.  Dkt. No. 30, Report-Recommendation and Order dated Jan. 19, 2012.  Regarding exhaustion, Magistrate Judge Treece concluded that "the documents attached to Plaintiff's Complaint suggest that, as Defendants argue, Plaintiff has not fully exhausted his available administrative remedies prior to bringing this action"; and that since plaintiff had been transferred to another prison, dismissal with prejudice could be appropriate since he no longer had access to the administrative remedies related to the claims in his Complaint.  *Id.,* p. 8.  However, since plaintiff alleged that he had "in effect, got the run-around from the defendants" and failed to "elaborate" on this claim, the Court was "unable at this stage to properly assess whether he fully exhausted his available administrative remedies" or whether defendants should be equitably estopped from alleging exhaustion.  *Id.,* p. 8.  Judge Treece then examined each of plaintiff's claims in detail, and concluded that these "skeletal" and "conclusory" allegations (p. 13) failed to state a claim and that the case should be dismissed (p. 16).

Judge Kahn issued a decision which adopted and approved the Report-Recommendation and Order in its entirety.  Dkt. No. 33.

On appeal, the U.S. Court of Appeals for the Second Circuit concluded that the Complaint plausibly alleged a constitutional violation, except as to defendants Lappin and Norwood.  Dkt. No. 37-1.[3]  The judgment of the district court was affirmed regarding defendants

---

[3] *See* n. 10, p. 28, noting that "…Walker does not challenge the dismissal of his claims against Norwood and Lappin."

4

Lappin and Norwood, and vacated as to the remaining defendants, and remanded to the district court. *Id.,* p. 35.

On remand, the remaining defendants moved to limit discovery to the issue of exhaustion of administrative remedies (Dkt. No. 51), and this motion was granted by Judge Treece. Dkt. No. 57. The parties were given two months to complete discovery regarding exhaustion. *Id.* Judge Treece also authorized the deposition of plaintiff regarding exhaustion, to be conducted on April 29, 2014, at plaintiff's current place of incarceration, FCI Gilmer in Glenville, West Virginia. Dkt. No. 60. That deposition was conducted. The plaintiff did not depose any of the defendants regarding exhaustion of administrative remedies, his claim of equitable estoppel or any other issue. The Court also authorized defendants to make a motion to dismiss regarding exhaustion, and directed that the notice of motion reference the Text Order. Dkt. No. 65, Text Only Order 5/16/14.

## V.    **Administrative Grievance Process**

The administrative grievance process in the Federal Bureau of Prisons was described by Magistrate Judge Peebles in *Bailey v. Fortier*, 2012 WL 6935254, at *2 (N.D.N.Y. Oct. 4, 2012). There are four steps. An inmate must first file an informal request with prison staff to resolve the complaint. 28 CFR § 542.10 *et seq.* Second, if the complaint cannot be resolved informally, the inmate can file a formal Administrative Remedy Request, or "BP 9" to the Warden. 28 CFR 542.14(a). Third, if that request is denied the inmate can file an appeal ("BP-10") to the BOP Regional Director. 28 CFR 542.15(a). Finally, the inmate can file an appeal to the Central Office ("BP-11"). 28 CFR § 542.15(a). Also, "an inmate may not raise in an Appeal issues not raised in the lower level filings." 28 CFR § 542.15(b)(2).

The documents attached by plaintiff to his Complaint reflect the foregoing procedure: he filed an Informal Resolution Form, a formal Request for Administrative Remedy, a Regional Administrative Remedy Appeal, and a Central Office Administrative Remedy Appeal. Dkt. No. 1-1, pp. 1-9.

## VI.   The PLRA Requires Exhaustion of Administrative Remedies

As noted by Judge Peebles, the Prison Litigation Reform Act of 1996 ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Bailey*, 2012 WL 6935254, at * 4 (citing 42 U.S.C. § 1997e(a)). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The PLRA applies to *Bivens* claims. *Id.* at 524. An inmate's Complaint is "subject to dismissal if the evidence establishes that he or she failed to properly exhaust available remedies prior to commencing the action, his or her complaint is subject to dismissal." *Bailey*, 2012 WL 6935254, at * 4.

If an inmate fails to exhaust and the time for filing a grievance has not expired, the complaint is ordinarily dismissed without prejudice. 42 U.S.C. § 1997e(a); *Walker v. Schult*, Dkt. No. 30, Report-Recommendation and Order 1/19/12 (Treece, M.J.), p. 7. However, if the prisoner failed to exhaust and those remedies are no longer available (e.g., if he has been transferred to another prison), then it is proper for the court to dismiss the complaint with prejudice, because any attempt at exhaustion would be futile. Dkt. No. 30, p. 8 (citing *Berry v.*

*Kerik*, 366 F.3d 85, 86 (2d Cir. 2004)).  Plaintiff has been transferred to another prison, FCI
Gilmer, and his ability to file a proper grievance and cure any defect has expired.

**VII.    Plaintiff Failed to Exhaust His Administrative Remedies Regarding Nine of the
          Twelve Issues Raised in the Complaint.**

As noted previously, the documents attached to plaintiff's Complaint are true and correct,
and are the basis for this motion.  *See* Dkt. No. 1-1, pp. 1-9.[4]  The document which starts the
administrative process is the Informal Resolution Form. Dkt. No. 1-1, p. 1 of 9.  Plaintiff's
informal form raised only three issues: overcrowding, not enough space, and no ladders.   It also
alleged no duress buttons, an issue not raised in the Complaint.  His second step, the Request for
Administrative Remedy, raised the same three issues, namely overcrowding, not enough space,
and no ladders. Dkt. No. 1-1, p. 3 of 9.  It also alleged no duress buttons, an issue not raised in
the Complaint.  As noted, an inmate cannot raise issues on administrative appeal which he failed
to raise below.  *See* 28 CFR § 542.15(b)(2) ("an inmate may not raise in an Appeal issues not
raised in the lower level filings.").  His third step, the regional appeal, raised more than three
issues, namely not enough space, no ladders, no duress button (not raised in the Complaint), too
much noise (for the first time), and overcrowding. Dkt. No. 1-1, p. 5 of 9.  The fourth step, the
central office appeal, raised not enough space, no duress buttons (not raised in the Complaint),
no ladders, overcrowding, and poor cleaning solution (for the first time). Dkt. No. 1-1, p. 7 of 9.

---

[4]  The documents attached to plaintiff's Complaint include his appeal to the Central Office (Dkt.
No. 1-1, p. 7 of 9) and the response by the Central Office (Dkt. No. 1-1, p. 8 of 9).  Plaintiff did
not attach a document rejecting his Central Office appeal: when plaintiff initially filed his appeal
to the Central Office, he failed to include the BP-9 and Response, and the BP-10 (Regional
Appeal) and Response.  The Central Office sent him a Rejection Notice, advising of this failure,
which stated that "This Central Office Appeal is being rejected and returned to you."  The
Rejection Notice advised that he could resubmit the appeal "in proper form."  The Rejection
Notice is attached.

It is well established that "[w]hen a plaintiff has followed the PLRA administrative exhaustion procedure as to certain allegations, he may not subsequently introduce new allegations in his *Bivens* suit that were not exhausted." *Skyers v. United States*, 2013 WL 3340292, at *7 (S.D.N.Y. July 2, 2013) [assembling authority]; *Petty v. Goord*, No. 00 Civ. 803 (MBM), 2002 WL 31458240, at *4 (S.D.N.Y. Nov. 4, 2002) (holding that "allegations in the complaint that were not mentioned in [the prior] grievance are barred by section 1997e(a)"); *Gay v. Terrell*, 2013 WL 5437045, at *14-16 (E.D.N.Y. Sept. 27, 2013) (summary judgment granted dismissing an inmate's *Bivens* complaint for failure to exhaust, where the inmate tried to add a claim to his regional appeal (no ladders in SHU) which he failed to allege below, and where his Complaint alleged several claims which he had failed to mention in the administrative record (no working distress signals in SHU, unprofessional conduct by staff, request for medical records)).

Plaintiff is now limited by the three issues which he raised initially at the administrative level, namely overcrowding, not enough space, and no ladders. Insofar as the Complaint contains other issues—namely, mixing gang and non-gang members, mixing races, the width of the bed, lack of privacy, too much noise, not enough cleaning supplies, unsanitary toilets, bad ventilation, and other inmates using plaintiff's cell toilet and sink, and making noise, and any other issue in the Complaint — they were not preserved at the administrative level and were not exhausted. Insofar as plaintiff raised issues on administrative appeal, which exceeded the initial three issues (overcrowding, no ladders, and not enough space), the appeals were barred by the rule that he is limited to the issues raised initially. 28 CFR 542.15(b)(2); *see also Gay*, 2013 WL 5437045, at *3 ("...in order to satisfy the exhaustion requirement under the Prison Litigation Reform Act ("PLRA"), the exhaustion must be proper, that is, 'in compliance with an agency's deadlines and other critical procedural rules.'") (citations omitted). Ever since plaintiff filed his

8

first informal request in this matter regarding just three issues, he has improperly tried to expand its scope and issues, at both the administrative and district court levels, in violation of all the foregoing authority. He cannot exhaust issues which he never properly raised below.

Plaintiff's deposition confirmed the foregoing defects. He was familiar with the federal prison system and its grievance process: he had been at several federal prisons, Cumberland, Big Sandy, Terre Haute, Ft. Dix, Ray Brook, Allenwood, Loretto, and Gilmer. Deposition transcript, p. 5. He had also been at a state prison, Michigan City. *Id.,* p. 6. The federal prisons all had a grievance process (p. 6), as did the state prison (p. 7). He was fully aware of the exhaustion requirement, "I knew I had to exhaust administrative remedy" (p. 13).

He was familiar with all four steps of the grievance process: the Informal Resolution was the first step (p. 13), the Administrative Remedy was the second step ("That's what you go to the next", p. 14), the regional appeal is the third step (p. 14), and the central office appeal is the final step (p. 14). He identified his Complaint (p. 15) and the administrative documents attached to it (pp. 15-16). He confirmed that he was alleging that those documents showed he had exhausted his administrative grievances (p. 16).

He then reviewed the documents attached to his Complaint: the Informal Request Form alleged there was overcrowding, no duress buttons, someone was going to be hurt, there were gangs, and no ladders (p. 18). He admitted his failure to raise other issues. *See, e.g.,* p. 19 (Q "Did you raise in that form any objection to the prison mixing gangs and non-gang members together?"... A "No."); p. 20 (Q "Did you raise the issue in the Informal Resolution Form of your bunk not being wide enough?" A "Not on this one, no."); pp. 21-22 (Q "Did you make any objection in that form to too much noise, to it being too loud in the cell? A No. Q And any

9

objection in there to a lack of enough cleaning supplies? A No.  Q Is there any objection in there to bad ventilation?  A No.").

Plaintiff did have an explanation for these failures: he alleged the issue of overcrowding encompassed all the other issues in this case which he had failed to raise.  *See* p. 21, Q "So, is it fair to say that it's your allegation that when you say overcrowding, you meant all these other issues?  A Clear.  Q That's clear?  A Yeah, clearly."; *see also* p. 27, "I'm generalizing about the other problems."[5]

"Overcrowd" means "to crowd too many people in or on."  Webster's New Universal Unabridged Dictionary, p. 1274.  When someone alleges "overcrowding", it is not "clear" that he in fact is alleging that there were not enough cleaning supplies, or that it is too hot in the cell or too cold, or that he is raising the host of other issues contained in this Complaint, which were never properly raised or preserved or mentioned at all on administrative review.  *See Petty v. Goord*, 2002 WL 31458240, at *4 (S.D.N.Y. Nov. 4, 2002) ("allegations in the complaint that were not mentioned in [prior] grievance are barred by section 1997e(a)."); *Luckerson v. Goord*, No. 00 Civ. 9508(JSR), 2002 WL 1628550, at *2 (S.D.N.Y. July 22, 2002) (to allow an inmate's allegations in a federal suit to go forward that were never made at the administrative level "would make a mockery of the exhaustion requirement.").

Plaintiff's reading of "overcrowding" is strained and illogical and would indeed make a mockery of the exhaustion requirement.  His own documents show that he properly raised only

---

[5] Plaintiff's answers regarding the second step of the grievance process, the Administrative Remedy Request Form, were similar.  *See* p. 29, "Q Did you object to bad ventilation?  A No. Too cold in the winter?  A It's not in here.  Q Too hot in the summer?  It's not in this one either. Q To difficulty breathing?  A It's not in this one either.  Q And other inmates using the cell?  A No.  Q In particular, using the toilets and the sink and making too much noise?  A No.  That just come along with overcrowded."

10

three issues during the administrative process (overcrowding, not enough space, and no ladders), and that he has failed to exhaust regarding all other issues raised in his Complaint.

**VIII.   Plaintiff has produced no evidence regarding his claim of equitable estoppel.**

In the Complaint, plaintiff alleges without elaboration that the "defendants have been interfering and obstructing the administrative remedy process" (p. 10 ¶ 27) and that he was "lied to and spun in circles" and denied relief (p. 2 ¶ 4(b)(i)).   However, he also alleges that he fully exhausted his administrative remedies.  P. 9, "PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDY."  (emphasis in original).

Plaintiff clarified this apparent discrepancy at his deposition.  He was asked "You were able to file each one of those documents, correct?" and answered "Yes."  P. 56.  He flatly denied that any of the defendants had interfered with his ability to pursue the administrative grievance process: " Q Are you alleging that any of these defendants prevented you from filing these documents that were filed?  A No. I—I didn't allege that." P.56.  He was also asked, "You, in fact, were able to file each one of these documents that you attached to your complaint, though, right?" and answered "Exactly."  P. 57; *see also* p. 58, "Q You were able to file these grievances?  A I was able to file these grievances.  Q These grievances.  A Yeah, but the rest of them—Q You had problems with other grievances?  A Exactly."   Finally, he was asked "Is the gist of your concern here that they didn't give you what you wanted, but you were able to file the documents, the grievances?", and he answered  "Yes."  P. 58.

As noted by Judge Peebles, a "plaintiff must allege that a defendant named in the lawsuit acted to interfere with his ability to exhaust in order to establish a basis to estop that defendant from invoking the exhaustion defense." *Bailey v Fortier*, 2012 WL 6935254, at *7 (N.D.N.Y. Oct. 4, 2012).  Plaintiff has adduced no proof that any defendant acted to interfere with his

11

ability to exhaust and, as discussed above, he denied at his deposition that he was making any such claim. He obviously objected that they did not give him what he wanted, but clearly stated he was not alleging that they had prevented him from filing any documents in the administrative process—which he alleged he had fully completed. Also, despite being given two months for discovery regarding exhaustion and the issue of equitable estoppel, plaintiff failed to depose any of the defendants regarding their alleged interference and equitable estoppel. Plaintiff effectively abandoned this claim.[6] The record on this issue consists of plaintiff's bare allegation of interference in the Complaint, which he later denied at his deposition, and his repeated claims that he fully completed the administrative process. He has failed to provide any basis for a finding or issue of fact regarding equitable estoppel.

## CONCLUSION.

For the foregoing reasons, we respectfully request the Court to grant summary judgment dismissing the Complaint in its entirety, for failure to exhaust administrative remedies, except for the limited three issues of overcrowding, not enough space, and no ladders.

---

[6] As noted previously, Magistrate Judge Treece ruled that since plaintiff alleged he had gotten "the run-around from defendants" and had failed to elaborate on this claim, he was "unable *at this stage* to properly assess whether he fully exhausted his available administrative remedies" or whether equitable estoppel should apply. Dkt. No. 30, p. 8 (emphasis added). Now, two and a half years later, the stage has changed: the parties have completed discovery regarding exhaustion, plaintiff admitted at his deposition that he does not allege the defendants prevented him from filing his administrative remedies, he failed to conduct any depositions of defendants, and the undisputed records still show what Judge Treece saw two and a half years ago: that plaintiff failed to raise most of the issues in his Complaint at the administrative level. There is no reason to postpone ruling on this threshold issue.

12

Dated: June 11, 2014                               Respectfully Submitted,

                                                 RICHARD S. HARTUNIAN
                                                 United States Attorney

By:_____

                                               Charles E. Roberts
                                               Assistant United States Attorney
                                               Bar Roll No. 102454