**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ELLIS WALKER,

                              Plaintiff,

            - v -                                  Civ. No. 9:11-CV-00287
                                                               (LEK/RFT)

DEBORAH G. SCHULT, *et al.*,

                              Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

LATHAM, WATKINS LAW FIRM            CRAIG BATCHELOR, ESQ.
Attorney for Plaintiff                               ELIZABETH A. MORRIS, ESQ.
885 Third Avenue, Suite 1000               NATALIE M. GEORGES, ESQ.
New York, NY 10022-4802

HON. RICHARD S. HARTUNIAN           CHARLES E. ROBERTS
United States Attorney                             Asst. United States Attorney
Northern District of New York
Attorney for Defendants
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

# I. PROCEDURAL HISTORY

On March 16, 2011, Plaintiff Ellis Walker commenced a civil rights action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 430

U.S. 388 (1971).[1] Dkt. No. 1, Compl. Walker contends that the conditions of his confinement in the Federal Correctional Institution ("FCI"), located in Ray Brook, New York ("Ray Brook") amount to a constitutional deprivation under the Eighth Amendment. Walker's Complaint, in great detail, describes his living conditions while confined in a six-man cell. Plaintiff contends that the size of his cell, roughly measuring one hundred and seventy to one hundred and seventy-four square feet provided each prisoner with only twenty-eight to twenty-nine square feet of total space, and "less than [six] square feet [of] moving space," which was not "enough space to even turn or move in the [six] man cell." Compl. at p. 6, ¶¶ 1, 4 & n.3.[2] Walker also alleged a number of other living conditions he endured as a result of being confined in a six-man cell, such as but not limited to, guards not knowing when prisoners were fighting because the noise inside the cell is constant and loud; cell was unsanitary as there was always urine and feces splattered on the floor and toilet and

---

[1] Although in drafting his Complaint Plaintiff utilized a form associated with civil actions brought pursuant to 42 U.S.C. § 1983, he named Defendants who are federal employees; thus, his action is deemed as brought pursuant to *Bivens*. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (construing *pro se* Section 1983 claims against federal defendants as *Bivens* claims); *see also* Dkt. No. 37-1, Mandate & Op., at p. 9, n.5 (noting that the District Court properly construed the case as brought pursuant to *Bivens*). *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized the existence of a cognizable claim in certain instances for alleged constitutional violations committed by federal agents. In order to state a *Bivens* claim, a plaintiff must allege a constitutional deprivation by defendants acting under color of federal law. *Soichet v. Toracinta*, 1995 WL 489434, at *3 (S.D.N.Y. Aug. 16, 1995). Generally, case law under 42 U.S.C. § 1983 applies to *Bivens* cases. *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (quoting *Ellis v. Blum*, 643 F.2d 68, 84(2d Cir. 1981)). Additionally, "federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002)(internal citation omitted).

[2] Embedded within Plaintiff's *pro forma* Complaint is six pages, consisting of twenty-eight paragraphs, as well as a nine paragraph *ad damnum* clause. Because Plaintiff has assigned page numbers to the entire Complaint, references to the Complaint will be to both page numbers and paragraphs.

there was a shortage of cleaning supplies; and there was inadequate ventilation, resulting in extremely hot temperatures during the summer months making it "quite difficult to breathe." Compl., at pp. 8-9, ¶¶13-23.

On August 25, 2011, Defendants moved to dismiss the Complaint based on 1) Walker's failure to exhaust administrative remedies, and 2) Walker's failure to state a cause of action. Dkt. No. 25, Defs.' Mot. to Dismiss. On January 20, 2012, this Court issued a Report-Recommendation and Order recommending dismissing the Complaint for failure to state a claim pursuant to Rule 12(b)(6). Dkt. No. 30. We did not, however, make a determination with respect to the exhaustion issue because that issue required consideration of a record not properly before the Court. *Id.* at pp. 6-9. On March 27, 2012, the Honorable Lawrence E. Kahn, Senior United States District Judge, adopted this Court's recommendation and entered a Judgment in favor of the Defendants. Dkt. Nos. 22, Dec. & Order, & 34, Judgment. Following Walker's appeal of the March 27, 2012 Decision and Order, the Second Circuit, on August 12, 2013, issued a Mandate and an accompanying Opinion affirming the dismissal of two defendants on other grounds not at issue here, but vacating the dismissal as to all other defendants. Dkt. No. 37, Mandate & Op.

Subsequently, the parties engaged in limited discovery on the issue of exhaustion. On June 11, 2014, the remaining Defendants submitted a Motion for

Partial Summary Judgment, pursuant to FED. R. CIV. P. 56, contending the Plaintiff failed to exhaust his administrative remedies. Dkt. No. 67, Defs.' Mot. for Summ. J. at p. 2. Plaintiff opposes the Motion. Dkt. No. 68, Pl.'s Resp. in Opp'n. And Defendants replied thereto. Dkt. No. 69, Defs.'Reply.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out

specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## B. PLRA's Exhaustion Requirements

The PLRA imposes several restrictive conditions on the ability of prisoners to maintain federal civil rights actions. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is required even when the grievance process does not permit an award of money damages and the prisoner seeks only money damages, provided that the grievance tribunal has the authority to take some responsive action. *See Thomas v. Wright*, 2002 WL 31309190, at *5 (N.D.N.Y. Oct. 11, 2002) (citing *Booth v. Churner*, 531 U.S. 731 (2002)). In *Woodford v. NGO*, the Supreme Court stated that to properly exhaust administrative remedies prisoners must "compl[y] with an agency's deadlines and other critical procedural rules [.]" 548 U.S. 81, 90 (2006). The rules are "defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S.

199, 218 (2007). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Id.* "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

## C. Administrative Grievance Process

The Bureau of Prisons ("BOP") has a four-step Administrative Remedy Program ("ARP") wherein inmates may seek formal review of complaints related to any aspect of their confinement. *See generally* 28 C.F.R. Part 542, Subpart B. Under the ARP, an inmate must first attempt to informally resolve his claims. 28 C.F.R. § 542.13(a). Second, if dissatisfied with the informal resolution, the inmate must use a designated form to submit a written "Administrative Remedy Request" to the Warden within twenty days of the events triggering the complaint. 28 C.F.R. § 542.14(a). Third, if the formal request is denied, the inmate must appeal to the appropriate BOP Regional Director. 28 C.F.R. § 542.15(a). Finally, an inmate must appeal a negative decision by the BOP Regional Director to the BOP's Office of General Counsel in Washington, D.C., within thirty days of the date of the Regional Counsel's decision. *Id.* The inmate may file an action in federal court only after these four steps have been completed. *Id.*

As a preliminary matter, there are no genuine disputes as to any material fact that would preclude the Court from determining, as a matter of law, whether Plaintiff Walker exhausted his *Bivens* claim.[3] Both parties agree that the "Complaint alleges that [P]laintiff has exhausted his administrative remedies, and [P]laintiff attached a [true and accurate] administrative record of his grievances and appeals in this matter." Dkt. No. 67-6, Defs.' Statement of Material Facts Not in Dispute (hereinafter "Defs.' 7.1 Statement") at ¶¶ 4-5; Dkt. No. 68-5, Pl.'s Reply to Defs.' 7.1 Statement (hereinafter "Pl.'s 7.1 Statement") at ¶¶ 4-5. Likewise, there is no dispute that in pursuing his administrative remedies, Plaintiff followed the procedures established by the BOP. At issue, however, is whether Plaintiff substantively included within his grievance all of the facts and issues raised in this *Bivens* action.

In urging dismissal of part of Plaintiff's Complaint, Defendants have segregated Plaintiff's detailed description of his conditions of confinement in the Complaint in order to determine which alleged facts were grieved in the administrative process. In Defendants' view, Walker's Complaint alleges twelve distinct claims. Of those twelve, Defendants concede that Walker properly exhausted his claims regarding his confinement in an extremely overcrowded six-man cell, the lack of overall space, the

---

[3] Although both parties agree that Plaintiff's Complaint alleges that he had "in effect, got the run-around from the [D]efendants," Plaintiff does not presently argue that the administrative process was unavailable or that the Defendants interfered with his ability to exhaust his grievances. Rather, Walker argues that he exhausted his administrative remedies.

high risk of inmate violence, and the lack of ladders to allow him to reach his bunk bed.[4] Dkt. No. 67-1, Defs.' Mem. of Law, at p.2. Defendants' contention lies with Plaintiff's vivid detailed personal recount of the prison conditions in his overcrowded cell. However, the Second Circuit's August 12, 2013 Mandate and Opinion dictates that Walker's vivid detailed allegations do not amount to separate and distinct claims. Dkt. No. 37, Mandate & Op., pp. 24-25, 29, & n.11. Instead, the Second Circuit plainly concluded—based on the overcrowded cell allegation—that Walker is asserting one overarching Eighth Amendment conditions of confinement claim. *Id*. at pp. 17-22. For this reason, the Court declines to characterize Plaintiff's stirring description of his six-man cell as merely an array of discrete allegations and independent claims.[5] Instead, guided by the Second Circuit's Mandate and Opinion, the Court has reviewed the administrative grievance record to determine whether Plaintiff properly grieved his overarching conditions of confinement claim. In this regard, we decline to compare line by line, as Defendants would urge, the

---

[4] Defendants conceded in their previous Memorandum of Law in Support of the Motion to Dismiss that the Plaintiff's grievance "consistently complained about the alleged risk of inmate violence as a result of his assignment to a six-man cell and the lack of ladder access to his bunk bed." Dkt. No. 25-2, Defs.' Mem. of Law, at p. 4.

[5] The Court notes that even if some of the allegations concerning the effects of Walker's overcrowded cell were dismissed in the instant action, these other conditions that he endured could be admissible at trial in conjunction with Walker's testimony about daily life in his cell. Surely, under such circumstances, it would be difficult for the Court to craft instructions to the jury regarding which facts they may and may not consider in assessing whether Walker was exposed to unconstitutional conditions of confinement.

descriptions provided by Plaintiff in the Complaint to his grievances.

As previously mentioned, Defendants concede that a number of the allegations—including that the cell was overcrowded—were properly exhausted by Plaintiff. The conceded exhausted claims alone are sufficient to have put the prison officials on notice of Walker's conditions of confinement claim. *Jones v. Bock*, 549 U.S. at 217-219 (noting that the PLRA does not dictate a threshold level of detail a prisoner must include in a grievance, rather it varies "from system to system and claim to claim"). "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009). In *Griffin*, the Ninth Circuit noted that different Circuits were applying different standards with regard to the level of specificity required in a grievance. *Id.* Ultimately, the Circuit Court opted to follow the Seventh Circuit's holding in *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002), that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong*); *see also Espinal v. Goord*, 558 F.3d 119,127 (2d Cir. 2009)(citing *Strong* for the proposition that sufficient allegations were alleged in the grievance to alert the prison of the nature of the wrongdoing). This Court adheres to a similar view, especially considering that the BOP does not dictate the level of

detail that must be included in a prisoner's grievance.

Thus, we find that Walker did not have to grieve every single fact or issue he encountered stemming from or exacerbated by his incarceration in an overcrowded cell. *Griffin,* 557 F.3d at 1120 ("A grievance also need not contain every fact necessary to prove each element of an eventual legal claim."). As noted by one District Court,

> "[s]o long as the prisoner's grievance 'present[s] the relevant factual circumstances giving rise to a potential claim . . . sufficient under the circumstances to put the prison on notice of potential claims and to fulfill the basic purposes of the exhaustion requirement . . . . [T]here does not appear to be any reason to require a prisoner to present fully developed legal and factual claims at the administrative level.'"

*Sulton v. Wright*, 265 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) (quoting *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1134-35 (S.D. Cal. 2001) (alterations in original) (other citation omitted)).

Thus, the Court recommends denying Defendants' Motion for Partial Summary Judgment as Walker procedurally and substantively complied with BOP's administrative grievance process.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Partial Motion for Summary Judgment (Dkt. No. 67) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 15, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge