UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELLIS WALKER,

                Plaintiff,

    -against-                                  9:11-CV-0287 (LEK/RFT)

DEBORAH G. SCHULT, *et al.*,

                Defendants.

## **DECISION and ORDER**

### I. INTRODUCTION

This civil rights action comes before the Court following a Report-Recommendation filed on October 15, 2014, by United States Magistrate Judge Randolph F. Treece, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 72 ("Report-Recommendation"). Judge Treece recommends that Defendants' Motion for partial summary judgement be denied. Report-Rec. at 11; Dkt. No. 67 ("Motion"). Defendants timely filed Objections. Dkt. Nos. 73 ("Objections").[1] For the following reasons, the Report-Recommendation is adopted in its entirety.

### II. STANDARD OF REVIEW

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed

---

[1] Plaintiffs filed a "Response to Defendants' Objections." Dkt. No. 76. However, 28 U.S.C. § 636(b) only authorizes the parties to file *objections* within fourteen days of the report-recommendation. Here, the Response was not an objection to the Report-Recommendation, but rather a response to Defendants' Objections. See generally Resp. Additionally, Plaintiff's Response was filed on November 20, 2014, approximately thirty-five days after the Report-Recommendation was issued. See Docket. Because Plaintiff's Response was filed well beyond the fourteen-day deadline, and was an impermissible response to the opposing party's objections, the Court will not consider its contents pursuant to 28 U.S.C. § 636(b).

findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

The central issue raised in Defendants' Objections is whether the Complaint asserts one overarching conditions-of-confinement claim—which includes *facts* not previously mentioned in Plaintiff's administrative grievances—or whether Plaintiff has alleged several, discrete *allegations* that were not properly exhausted at the administrative level, and thus are subject to dismissal. See generally Objs. Judge Treece found that "the Second Circuit plainly concluded—based on the overcrowded cell allegation—that [Plaintiff] is asserting one overarching Eighth Amendment conditions of confinement claim." Report-Rec. at 9 (citing Walker v. Schult, 717 F.3d 119, 126-29 (2d Cir. 2013)). Accordingly, Judge Treece rejected Defendants' argument that Plaintiff had raised new allegations for which he failed to exhaust administrative remedies. See Report-Rec. at 9.

Defendants first object to Judge Treece's finding that the Second Circuit "plainly concluded" that Plaintiff is asserting only one overarching conditions-of-confinement claim. Objs. at 3-4. In support, Defendants assert that the Second Circuit treated Plaintiff's allegations as separate, discrete claims because the court discussed Plaintiff's "claims" in individualized paragraphs. Id. (noting that

2

the Second Circuit addressed allegations regarding, *inter alia*, temperature, sleep, and unsanitary conditions in separate paragraphs). However, a careful reading of the Second Circuit's opinion reveals that Defendants' argument is without merit. Although the Second Circuit considered claims, such as temperature and unsanitary conditions, in separate paragraphs, each paragraph was included under a single heading titled "The Conditions of Confinement." Walker, 717 F.3d at 126-29. Moreover, the Second Circuit found that "[h]ere, [Plaintiff] plausibly alleged that the overcrowding and lack of living space in his cell were *exacerbated by* the ventilation, noise, sanitation, and safety issues, leading to deprivations of specific life necessities." Id. at 126 (emphasis added). Thus, the Second Circuit clearly considered Plaintiff's allegations regarding temperature, sleeping, and unsanitary conditions as part of Plaintiff's overarching conditions-of-confinement claim, rather than as several, discrete claims.

Defendants next argue that the Court must separate Plaintiff's "good" exhausted claims from his "bad" unexhausted claims, and proceed only with the exhausted claims. Objs. at 4 (citing Jones v. Bock, 549 U.S. 199, 221 (2007)). While Jones is good law, it addressed an entirely separate issue from the one before the Court. In Jones, the Supreme Court rejected the "total exhaustion" rule, finding that where an inmate has pled both exhausted and unexhausted claims, the entire complaint need not be dismissed; rather, the unexhausted claims should be dismissed, and the remaining claims could proceed. 549 U.S. at 221. Here, a different issue is presented—whether Plaintiff has in fact pled separate claims, in which case the unexhausted claims would be subject to dismissal, or if he has merely pled one overarching claim. As stated *supra*, the Second Circuit found that Plaintiff has pled a single, overarching Eighth Amendment conditions-of-confinement claim, and therefore the "total exhaustion" rule announced in Jones is inapplicable to this case.

3

Finally, Defendants argue that permitting Plaintiff to proceed with newly raised allegations concerning his conditions of confinement would be inconsistent with other decisions in this Circuit. Objs. at 5. In support, Defendants rely on Gay v. Terrell, No. 12-CV-2925, 2013 WL 5437045, at *1 (E.D.N.Y. Sept. 27, 2013). In that case, the plaintiff asserted, *inter alia*, five claims for administrative remedies: additional medical testing and care; no ladders in Special Housing Unit ("SHU"); no working distress signals in SHU; unprofessional conduct by two lieutenants; and plaintiff's request for medical records. Id. at *13-16. The court held that only the "additional medical testing and care" claim had been properly exhausted at the administrative level, and therefore dismissed the other claims accordingly. Id. at *1. Defendants argue that the Gay court treated each claim separately, even though "all ha[d] potential overarching medical concerns," and, similarly, here, the Court should view each of Plaintiff's allegations individually for purposes of exhaustion. See Objs. at 6.

Defendants' reliance on Gay is misplaced. As an initial matter, the absence of ladders and distress signals in the SHU, and unprofessional conduct by two lieutenants, share no commonality and certainly do not have "potential overarching *medical* concerns." Thus, the only unexhausted claim even remotely related to medical care was the plaintiff's request for medical records. However, a prison's administrative process for providing medical records is an entirely distinct issue from the actual provision of medical care. Indeed, the plaintiff in Gay did not even attempt to assert that the claims were related, nor did the court consider whether the allegations were part of a single claim. See Gay, 2013 WL 5437045, at *13-16. In contrast, here, Plaintiff asserts—and the Second Circuit agrees—that his allegations concerning, *inter alia,* extreme temperatures and unsanitary conditions, are all part of his conditions-of-confinement claim. See Walker, 717 F.3d

4

at126-29. Therefore, <u>Gay</u> is distinguishable from this case, and Defendants have failed to otherwise demonstrate that Plaintiff has raised new, unexhausted claims.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 72) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 67) for partial summary judgment is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: December 11, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge