

**U.S. Department of Justice**
Civil Division

_____
*Washington, DC 20530*

September 21, 2020

**BY ELECTRONIC FILING**
The Honorable Daniel J. Stewart
United States Magistrate Judge
United States District Court, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 409
Albany, NY 12207

    Re: *Walker v. Schult*, Civil Action No. 9:11-CV-287 (N.D.N.Y.)

Dear Magistrate Judge Stewart:

    Pursuant to the Court's Order of August 6, 2020 (Dkt. No. 291), and Federal Rule of Civil Procedure 62, Defendants Deborah G. Schult and Jackii Sepanek hereby submit the following additional information regarding indemnification, and respectfully renew their request to stay enforcement of the judgment, without requiring they post a bond or other surety, until the resolution of their appeal. *See* Dkt. No. 287.

    Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The purpose of the bond requirement is to ensure that "the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (discussing former Rule 62(d)). When the stay on appeal is requested by "the United States, its officers, or its agencies or on an appeal directed by a department of the federal government[,]" the claimant's interests are protected because the judgment is secured by

The Honorable Daniel J. Stewart
September 21, 2020
Page 2

the full faith and credit of the United States; therefore, no bond is required to obtain a stay. Fed. R. Civ. P. 62(e); *Dixon v. United States*, 900 F.3d 1257, 1268 (11th Cir. 2018).

Pursuant to 28 C.F.R. § 50.15(c)(1)-(5), the United States has determined that indemnification of Defendants Schult and Sepanek is in its interest, and has verified that appropriated agency funds are available to satisfy the judgment. Defendants Schult and Sepanek will therefore be indemnified. Because the judgment against them is now secured by the full faith and credit of the United States, the execution of judgment should be stayed pending appeal without requirement of a bond, in accordance with the requirements of Rule 62(b) and (e).

Respectfully submitted,

/s/ *Kelly Heidrich*
KELLY HEIDRICH
JEAN MARIE CUNNINGHAM
Senior Trial Attorneys, Torts Branch, Civil Division
JAMES G. BARTOLOTTO
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
Ben Franklin Station, PO Box 7146
Washington, DC 20044
T: (202) 616-4371
F: (202) 616-4314
Kelly.Heidrich@usdoj.gov

*Counsel for the Defendants*