**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ELLIS WALKER,

                            Plaintiff,

                                                                                                9:11-CV-287

            -against-                                                   (DJS)

DEBORAH SCHULT, *et al.*,

                            Defendants.

## DECISION and ORDER

Following a jury trial and extensive post-verdict motions, the Court entered a Judgment in the amount of $20,000 in favor of Plaintiff Ellis Walker and against two of the Defendants, Deborah Schult and Jackii Sepanek.   Dkt. No. 278.   Plaintiff has now applied to the Court for a Bill of Costs, and that application is opposed by Defendants. *See* Dkt. Nos. 279, 283, 284, 285, & 286.   Also pending is a renewed motion by Defendants to stay enforcement of the judgment pending appeal.   Dkt. No. 292.

For the reasons set forth below, Plaintiff's Motion for a Bill of Costs is granted, but in a slightly modified amount.   The application for a stay of enforcement is also granted.

## I.   COSTS[1]

Unless a court exercises its discretion to order otherwise, the prevailing party is entitled to an award of costs as a matter of course. FED. R. CIV. P. 54(d)(1); *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (noting the "venerable presumption" for the recovery of costs as codified by Rule 54(d)(1)). Costs are typically allowed in favor of the winning party and against the losing party to provide partial indemnification of the expenses incurred in proving the case. *See* 10 C. Wright, A. Miller, & M. Kane, 10 Fed. Prac. & Proc. Civ. § 2666 (4th ed.). For purposes of the Rule, the party in whose favor judgment has been rendered is the "prevailing" party. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). The initial burden is upon the party seeking costs to establish to the Court that the amounts sought are both authorized by statute and justified. *Amash v. Home Depot U.S.A., Inc.*, 2015 WL 4642944, at *2 (N.D.N.Y. Aug. 4, 2015). 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d), and sets forth six categories of taxable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

[1] The Court has jurisdiction to address this application despite Defendants' pending appeal of the underlying judgment. *Christie v. Gen. Elec. Capital Servs., Inc.*, 2010 WL 3081500, at *1 (D. Conn. Aug. 5, 2010) (citing cases).

2

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case Plaintiff has submitted a Bill of Costs with the following itemizations:

| | | |
|---|---|---:|
| A. | Fees for service of summons and subpoena | $316.00 |
| B. | Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $14,516.73 |
| C. | Fees for witnesses | $3,073.68 |
| D. | Docket fee | $50.00 |
| E. | Fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case | $2,958.39 |
| **F.** | **Total** | **$20,914.80** |

Dkt. No. 279.   In connection with the Bill of Costs, Plaintiff's counsel has set forth receipts and documentation in support of each claimed expense and has provided an Affidavit attesting to the accuracy of the costs, and their need in relation to the case in general, and the trial.   Dkt. Nos. 279-1, Denton Decl., through 279-21.

Defendants have raised a slew of objections to the Bill of Costs, only a few of which have merit.   Dkt. No. 283.   First, Defendants note that the language of Rule 54(d)(1) states that costs against federal officials may be imposed "only to the extent

allowed by law," but Defendants do not specifically suggest that any of the costs which are sought to be taxed are barred by any statute.  Dkt. No. 283 at p. 2.  *See*, *e.g.*, 15 U.S.C. § 77v ("No costs shall be assessed for or against the [Securities Exchange] Commission in any proceeding under this subchapter. . . .").  Indeed, 28 U.S.C. § 2412(a)(1) specifically notes: "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."  Further, Rule 54(d)(1) presumes that a prevailing party will be awarded costs, and that same presumption applies under section 2412(a) when a private litigant prevails against the government.  *See* 10 J. Moore, Moore's Federal Practice § 54.104[2][b] (3d ed. 2019).

Defendants seek to limit the costs to be recovered by Plaintiff to a maximum of $2,000, citing Local Rule 83.3(g) of the Northern District of New York.  Dkt. No. 283 at pp. 2-3.  That Rule, however, relates to reimbursement from the District's *pro bono* fund of *pro bono* attorneys "whom the Court appoints pursuant to this Rule."  Plaintiff's counsel was not appointed by the Northern District, and therefore the rule cited has no applicability.  Indeed, the Local Rule in question was designed to provide for reimbursement of *pro bono* attorneys for certain limited expenses where they were unsuccessful at trial.  In circumstances where appointed counsel represented a

4

prevailing party, however, the Rule specifically allows the prevailing plaintiff to submit a verified bill of costs, so long as it is in the form that the Clerk requires. N.D.N.Y. L.R. 83.3(g). Therefore, 83.3(g) poses no impediment to the present request by Plaintiff's counsel.

Next, Defendants' counsel notes that Plaintiff's counsel is a large law firm and that numerous attorneys attended the trial, but, again, that fact has little to do with the legitimacy of the application of costs. Dkt. No. 283 at p. 3. Also, to the extent that Defendants intend to contend that costs should be disallowed because they slightly exceed the total verdict, the Court can find no rule of law or legal precedent that limits "costs" to a certain percentage of the compensatory verdict. In fact, costs are allowed even in circumstances where the plaintiff is only awarded nominal damages. *Monsour v. New York State Office for People with Developmental Disabilities*, 2018 WL 3349233, at *19 (N.D.N.Y. July 9, 2018). Generally, an award of costs and attorney's fees [2] in successful civil rights cases is the norm to encourage the litigation of constitutional rights because of their significance to our overall system of government. *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982) ("The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.").

---

[2] Despite the substantial legal effort undertaken by Plaintiff's counsel in pursuing this case at both the trial and appellate level, no fee award is being sought. Dkt. No. 286 at p. 3.

Further, "costs" are a term of art and specifically limited by statute and, as is clear from the Denton Declaration and attached documentation, the actual expense incurred in litigating this case far exceeded what is being sought in this Application.

Finally, defense counsel notes that the Court has discretion to deny costs altogether. Dkt. No. 283 at p. 2. Although a court does have that discretion, the burden is on the party opposing costs to establish equitable reasons why the normal presumption should not apply. The mere fact that a party litigated in good faith is generally not a sufficient reason for denying costs to the prevailing party. Potential arguments include, but are not limited to, the limited financial resources of the party to be taxed, and/or significant misconduct by the prevailing party or his counsel. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016); *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994) (noting that trial judges "have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs"). No misconduct has been identified by Defendants, nor observed by the Court. As to financial hardship "the party asserting a lack of funds must demonstrate his indigency." *McGuigan v. CAE Link Corp.*, 155 F.R.D at 34. Such a showing cannot be made in the present case, as the Federal Government has now agreed to indemnify Defendants and to satisfy any judgment from agency funds. Dkt. No. 292 at p. 2.

Unable to prevent costs in total, Defendants next argue that certain aspects of the bill of costs represent amounts that are either excessive or unnecessary. Those arguments are handled one at a time.

First, Defendants object to the $50 fee sought as a docket fee. Dkt. No. 283 at p. 6. They note that pursuant to 28 U.S.C. § 1923(a) a docket cost is limited to $20 per any matter that proceeds to trial. *Id.* While the $20 figure is indeed found in the statute, Defense counsel misses an add-on to the docket cost specifically provided by the statute in the amount of $2.50 for each deposition admitted into evidence. As set forth by counsel and supported by the trial transcript, numerous depositions were utilized during cross examination and/or admitted into evidence. Specifically, portions of the Wagner, Carter, and Porter depositions were read into the record. Denton Decl. at ¶¶ 7-9. Plaintiff, therefore, is entitled to the fee for those depositions. *Lindeman v. Textron, Inc.*, 136 F. Supp. 157, 158 (S.D.N.Y. 1955). Plaintiff also points out that the Schult, Sepanek, Perdue, Salamy, and Hamel depositions were utilized at trial for impeachment purposes, Denton Decl. at ¶¶ 4-6 & 9-10, which the Court also finds sufficient here. *See Thorpe v. Melki*, 2009 WL 4042893, at *2 (E.D. Mich. Nov. 19, 2009). Plaintiff's submission, however, does not contend that the Horn, Gilligan, or Walker depositions were used for trial purposes. Denton Decl. at ¶¶ 11-14. The Court thus finds no basis to tax the $2.50 per deposition cost for those depositions. Therefore, a $40 docket fee is justified under the terms of section 1923(a).

Second, Plaintiff's counsel seeks a substantial amount for deposition transcripts that were utilized in the trial, and for the cost of the production of the trial transcript. Case law is clear that such fees are properly assessed where the deposition is necessary for the presentation or preparation of the case at trial, or in connection with any motions. *Marino v. Town of Kirkland, N.Y.*, 146 F.R.D. 49, 51 (N.D.N.Y. 1993).   Plaintiff has set forth in detail the various ways the deposition transcripts were utilized, and the Court is satisfied with that explanation; the reasonableness of the discovery effort of Plaintiff's counsel; and their tactical trial decisions.   The trial transcript itself was necessary to properly oppose Defendants' trial-related motions in this fact-intensive case, and therefore will be taxed at the non-expedited rate.

Next, Plaintiff seeks $316.00 for service of trial subpoenas on Defendants Schult, Sepanek, and Purdue, and trial witnesses Hamel and Salamy.   Plaintiff's counsel notes that the non-expedited service on these individuals would be $195, plus $200 in disbursements, minus a 20% *pro bono* discount.   Denton Decl. at ¶ 16.   Defendants object to the cost set forth above primarily upon the grounds that defense counsel had agreed to produce these witnesses voluntarily, and therefore any subpoena was unnecessary.   Dkt. No. 283 at pp. 3-4.   However, as Plaintiff's counsel points out, there were multiple trial dates for this matter and the service fees in question were incurred in connection with a trial date prior to the above-referenced agreement.   Dkt. No. 286 at pp. 3-4.   The Court therefore approves of the fees associated with service

of the subpoenas of the witnesses, as they were reasonable trial expenses at the time when they were incurred. *McGuigan v. CAE Link Corp*., 155 F.R.D. at 36 (authorizing cost for subpoena of treating physicians, even where a subsequent stipulation made their testimony at trial unnecessary). However, in addition to the documented service fee, there is a $200 amount which is characterized as "disbursements." As the Court is unclear as to what this amount relates to, it will not be taxed absent further clarification. Accordingly, the Court approves a figure of $195 for service, minus a 20% *pro bono* discount, for a total amount of $156.00.

Plaintiff seeks $3,073.68 as fees associated with the travel and appearance of three witnesses: Experts Martin Horn and James Gilligan, and nonparty witness Furman Odom. An itemization of the costs, which include air and train travel, hotel stays, and daily attendance fees, has been provided to the Court. Denton Decl. at ¶¶ 17-19. While Defendants' counsel argues that the claimed expense "seems excessive," the Court finds the amounts sought reasonable and necessary.

Finally, Plaintiff's counsel seeks to recoup amounts expended to produce exhibits and copies of deposition transcripts to be used at trial, and the cost of preparing and supplying trial binders. Regarding the copying costs, these were necessitated by the Court's order to provide copies of depositions that the parties anticipated using at trial. *See* Dkt. No. 79, Uniform Pretrial Scheduling Order, at pp. 6-7. The depositions were in fact used, with an additional copy presented to the witness so that he or she could

review it on the witness stand. The Court finds that the amount sought for copying costs and binders are reasonable.

As for the cost of exhibits, 28 U.S.C. § 1920(4) has been held to "authoriz[e] a court to tax the cost of preparing demonstrative aids, including charts, blow-ups, and computer graphics." *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 2020 WL 5665065, at *34 (E.D.N.Y. Sept. 23, 2020) (citing *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 539 (S.D.N.Y. 2005) and *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 631 (2d Cir. 1982)). The primary Exhibit at issue (Exhibit P-112) consisted of a large schematic of the outline of cell 127 in the Mohawk Housing Unit that was the subject of the lawsuit. Included within the mockup were to-scale attachments for various instrumentalities within the cell, including toilets, bunks and table. The cutouts were then placed within the cell outline to provide the jury with a visual representation of the unencumbered space of the cell, which was a critical issue during the trial. The Exhibit was utilized with the first witness as a demonstrative aid, and it was displayed before the jury and referred to by many of the witnesses that followed. There was a dispute concerning the accuracy of the Exhibit, but it was ultimately admitted into evidence after the testimony of Plaintiff's prison expert, Martin Horn. The Court agrees that a reasonable amount should be taxed for this item, but sides with Defendants that the amount sought of $913.00 is excessive. The Court, in its discretion, will allow this item to be taxed in the amount of $500.

10

## II. STAY OF ENFORCEMENT

Defendants have sought to stay the enforcement of the $20,000 judgment and any costs taxed pending the outcome of their appeal to the Second Circuit. Dkt. Nos. 280, 283, & 292. This Court temporarily granted the request to stay enforcement of the judgment but instructed defense counsel to provide the Court with an update as to whether the Federal Government would be indemnifying Defendants who were, at all times relevant to the case, employees of the Federal Bureau of Prisons. Dkt. No. 282. Defense counsel has now confirmed that such indemnification will be provided. Dkt. No. 292 at p. 2 ("Pursuant to 28 C.F.R. § 50.15(c)(1)-(5), the United States has determined that indemnification of Defendants Schult and Sepanek is in its interest, and has verified that appropriated agency funds are available to satisfy the judgment. Defendants Schult and Sepanek will therefore be indemnified."). It is therefore clear to the Court that both the judgment and the costs taxed herein will be satisfied in the event that the verdict is upheld.[3] Based upon this assurance, the Court grants Defendants' Motion, made pursuant to Fed. R. Civ. P. 62 (b) & (e), to stay enforcement of the Judgment without the payment of a bond or surety until the resolution of the pending appeal.

## III. CONCLUSION

**ACCORDINGLY**, for the reasons set forth above, it is

---

[3] "When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986).

**ORDERED**, that Plaintiff's Application for Costs pursuant to Rule 54(b)(1) (Dkt. No. 279) is hereby **GRANTED IN PART** as follows:

| | | |
|---|---|---|
| A. | Fees for service of summons and subpoena | $156.00 |
| B. | Fees for printed transcripts necessarily obtained for use in the case | $14,516.73 |
| C. | Fees for witnesses | $3,073.68 |
| D. | Docket fee | $40.00 |
| E. | Fees for exemplification and the costs of copies | $2,545.39 |
| | **Total** | **$20,331.80** |

and it is further

**ORDERED**, that Defendants' Letter-Motion seeking a stay of enforcement of the Judgment and costs taxed in this case (Dkt. No. 292) is **GRANTED**, and enforcement of the Judgement and costs is hereby stayed pending the resolution of Defendants' appeal to the Second Circuit Court of Appeals.

Dated:   October 2, 2020
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge